**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3059-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE SANTOS,
a/k/a NELSON NIEVES,

    Defendant-Appellant.

_____

Submitted September 20, 2021 – Decided October 13, 2021

Before Judges Messano and Accurso.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 96-09-1980.

Jose Santos, appellant pro se.

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Special Deputy Attorney General/Acting Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 1997, a jury convicted defendant Jose Santos of murder, robbery and related offenses, and the court sentenced defendant to life imprisonment plus a consecutive term of twenty years, with a total of forty years of parole ineligibility. We affirmed the convictions, remanding only to resentence defendant on his first-degree robbery conviction to eliminate the ten-year parole disqualifier. State v. Santos, No. A-2719-97 (App. Div. June 29, 1999). We subsequently affirmed denial of defendant's petition for post-conviction relief. State v. Santos, No. A-1058-04 (App. Div. Feb. 14, 2006).

In 2009, defendant filed a pro se application to have DNA testing "performed on a hair found on the back of the victim's index finger" and "blood-stained gloves" found in a dumpster where the murder weapons, a knife and a pair of scissors, were found. State v. Santos, No. A-4554-12 (App. Div. Sept. 22, 2015) (slip op. at 2–3). Without conducting oral argument or an evidentiary hearing, the judge denied the request in a one-page order that simply provided defendant "failed to meet [the] standard set forth in N.J.S.A. 2A:84A-32a." Id. at 3 (alteration in original).

Defendant again appealed, and we concluded the judge "failed to address the eight statutory factors within the body of its order" and failed to "issue any written or oral statement of reasons explaining its conclusion that the statutory

factors were not met." Id. at 6.  Not knowing whether the hair and gloves still existed, we said that defendant was "entitled to have the State undertake a reasonably diligent inquiry to determine if one or both samples exist." Ibid.  We vacated the order and "remanded for reconsideration and a statement of reasons that addresse[d] all of the discrete factors under N.J.S.A. 2A:84A-32a." Id. at 7.  We left "to the trial court's sound discretion . . . whether an evidentiary hearing on remand [was] warranted." Ibid.

The State located the hair and gloves, as well as additional evidence from the trial, including a DNA sample from the victim, clippings from his fingernails, and the knife and scissors recovered from the dumpster.   Defendant provided a sample of his hair and a buccal swab for comparison.  The New Jersey State Police Laboratory (NJSP Lab) conducted a DNA analysis of these items in 2016 and furnished a report.[1]

Defendant was excluded as a contributor to most of the blood samples from the gloves, although two samples contained a "[m]ixture of DNA profiles consistent with at least three contributors."   The victim was the major

---

[1] Apparently, neither defendant nor the State recognized that all the hair samples submitted for analysis in 1996 were deemed to have come from an animal or otherwise be "not useful for comparison."  As a result, the NJSP Lab did not perform a DNA analysis on any hair samples.

A-3059-19

contributor of DNA from the other blood samples, as well as those from the knife and scissors. However, defendant's DNA profile was identified on the victim's fingernail clippings; the report stated that DNA profile occurred in approximately "1 in 29.8 billion of the Hispanic population."

The judge conducting our remand entered an order on December 19, 2016. He determined no evidentiary hearing was "warranted" and our decision was "now rendered MOOT, as DNA testing has been completed, albeit, with adverse results for defendant."

In 2019, defendant filed a pro se motion for a new trial premised on the results of the DNA testing. A different judge, Judge Jeffrey J. Waldman, denied the motion, stating his reasons in a comprehensive written opinion. This appeal followed.

Defendant argues that based on the DNA testing, Judge Waldman should have vacated his conviction and granted him a new trial. We disagree and affirm.

"Rule 3:20-1 and -2 provide a mechanism for seeking a new trial following a criminal conviction." State v. Armour, 446 N.J. Super. 295, 305 (App. Div. 2016). The motion may be granted "if required in the interest of justice[,]" pursuant to Rule 3:20-1, and, if "based on the ground of newly-discovered

evidence," the motion "may be made at any time." R. 3:20-2. Even when premised on the ground of newly discovered evidence, "a motion for a new trial is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse has been shown." State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000) (State v. Artis, 36 N.J. 538, 541 (1962)).

A defendant is entitled to a new trial based on newly discovered evidence if the evidence is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Szemple, 247 N.J. 82, 99 (2021) (quoting State v. Nash, 212 N.J. 518, 549 (2013)). "[A]ll three prongs of that test must be satisfied before a defendant will gain the relief of a new trial." State v. Ways, 180 N.J. 171, 187 (2004) (citing State v. Carter, 85 N.J. 300, 314 (1981)). "The defendant has the burden to establish each prong is met." State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020) (quoting State v. Smith, 29 N.J. 561, 573 (1959)).

"[P]rongs one and three are inextricably intertwined." Nash, 212 N.J. at 549. "'[E]vidence [that] would shake the very foundation of the State's case and

almost certainly alter the earlier jury verdict' could not be categorized as 'merely cumulative.'"  Ibid. (quoting Ways, 180 N.J. at 189 (second alteration in original)).  "The power of the newly discovered evidence to alter the verdict is the central issue, not the label to be placed on that evidence."  Id. at 549–50 (quoting Ways, 180 N.J. at 191–92).  We have said that when the new trial motion is based upon post-verdict testing of trial evidence, "even the most favorable retesting outcome . . . must be weighed against the compelling proofs presented by the State."  Armour, 446 N.J. Super. at 313 (citations omitted); see also State v. Reldan, 373 N.J. Super. 396, 401–05 (App. Div. 2004) (affirming denial of the defendant's request for DNA testing because he failed to show a reasonable probability that any favorable DNA evidence would have changed the jury's verdict).

Defendant contends that the DNA testing of the gloves, knife, and scissors, which did not indicate the presence of his DNA, merited the grant of a new trial.  However, Judge Waldman correctly concluded the lack of defendant's DNA on those items "ha[d] no probative value as it d[id] nothing to negate [defendant's] involvement in the crime."  Moreover, the positive match of defendant's DNA to the victim's fingernail clippings yielded significant additional inculpatory evidence if it were introduced at the time of trial.

6

Defendant explains this forensic finding by noting evidence at trial revealed that he and a friend discovered the victim and tried to resuscitate him.[2] However, the State produced overwhelming evidence of defendant's guilt at trial, including his confession, which defendant repeatedly contends now, as he has in the past, was "coerced." Defendant, for example, made the same claim when he testified before the jury, which obviously rejected the contention. Furthermore, as Judge Waldman wrote:

> Additionally, [defendant's] confession was corroborated by other evidence presented at trial. The murder weapons were found in the dumpster where [defendant] said he had placed them; a mattress in the victim's home was moved as [defendant] said he moved it; and the victim's pants pockets were turned inside out with all money removed, corroborating [defendant's] confession of stealing [eighty-seven dollars] from the victim. Further, [defendant's] fingerprint was found on the bag containing the alleged murder weapons, and an eyewitness did see [defendant] put something in the dumpster where the murder weapon was found shortly after the victim's death. Therefore, even if the absence of [defendant's] DNA on some of the evidence were presented at trial, it would not have altered the outcome of the jury's verdict.
>
> For the foregoing reasons, [defendant's] motion fails to meet the criteria for newly discovered evidence warranting a new trial.

---

[2] Judge Waldman mistakenly wrote that there was no evidence at trial supporting defendant's explanation.

7

We fully concur with this reasoning. To the extent we have not specifically addressed any other arguments raised by defendant, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION